**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR MOLINAR** | § | |
| | § | |
| **v.** | § | **EP-21-CV-102-KC** |
| | § | |
| **OMAR CARMONA AND THE** | § | |
| **34TH DISTRICT COURT OF** | § | |
| **EL PASO COUNTY, TEXAS.** | § | |

## MEMORANDUM OPINION AND ORDER

Victor Molinar, state prisoner number 02261976, petitions the Court for a writ of mandamus. Pet'r's Pet., ECF No. 1. He asks the Court to intervene in his behalf and order the 34th Judicial District Court of El Paso County, Texas, to compel his attorney, Omar Carmona, "to produce . . . a copy of the attorney/client file in order to continue a post-conviction challenge." Id. at 1. His petition is denied.

Molinar was found guilty by a jury on one count of continuous sexual abuse of a child under fourteen and one count of indecency with a child by sexual contact in cause number 20170D05754 in the 34th Judicial District Court. Molinar v. State, 08-19-00126-CR, 2021 WL 288047, at *1 (Tex. App.—El Paso Jan. 28, 2021, no pet.). He was sentenced to "45 years on the former and 10 years on the latter." Id. at 2.

Molinar petitioned the Eighth Court of Appeals for a writ of mandamus against the judge of the 34th Judicial District Court for allegedly failing to timely act on his motion to compel his counsel to turn over his file to him. In re Molinar, 08-20-00174-CV, 2020 WL 6557734, at *1 (Tex. App.—El Paso Nov. 9, 2020, no pet.). His petition was denied because he "failed to show that he [was] entitled to mandamus relief." Id. at *1

Writs of mandamus are governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Writs of mandamus "are supervisory in nature and are used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Estelle, 516 F.2d 480, 483 (5th Cir. 1975) (citing Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 (1943)).

The 34th Judicial District Court and the Eighth Court of Appeals are both state courts and not "inferior" to a federal district court. Cross v. Thaler, 356 F. App'x 724 (5th Cir. 2009). Consequently, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275 (5th Cir.1973). Additionally, "under what has come to be known as the Rooker–Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006). The Court accordingly concludes that it lacks the subject matter jurisdiction necessary to compel the state court to order Molinar's attorney to produce the desired records. Moye, 474 F.2d at 1276.

Consequently, **IT IS ORDERED** that Molinar's "Motion for Leave to File an Original Application for Writ of Mandamus" is **DENIED** for lack of jurisdiction and his case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the $5.00 filing fee is **WAIVED**. **IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 17th day of May, 2021.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2